UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**HALINA BIERNACKI, Individually and as
Executrix of the Estate of David Street,**

                        **Plaintiff,**                      11-CV-973(Sr)

v.

**UNITED STATES OF AMERICA,**

                        **Defendant.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #29.

Plaintiff, Halina Biernacki, proceeding *pro se*, commenced this medical malpractice action pursuant to the Federal Tort Claims Act, alleging that her 88 year-old husband, David Street, received inadequate medical treatment at the VA Western New York Health Care System following his ingestion of fresh spinach contaminated with E. coli 0157:H7, resulting in his death on October 22, 2006. Dkt. #1. Plaintiff complains that defendant failed to perform tests to identify the particular strain of E. coli affecting Mr. Street, thereby overlooking the risk of Hemolytic Uremic Syndrome ("HUS"), an extremely rare cause of kidney failure. Dkt. #1. As a result of their failure to test for the E. coli strain, plaintiff alleges that Mr. Street received inappropriate medical treatment which aggravated his condition and that the diagnosis and treatment of the resulting

HUS was delayed. Dkt. #1. Plaintiff alleges that if defendant had followed the standard of care set forth by numerous regulatory agencies, including advice to test for the E. coli strain and regulations requiring reporting of communicable diseases, he would have received appropriate treatment and survived his illness. Dkt. #1.

Motion to Dismiss

Defendant moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure with respect to plaintiff's allegations that defendant's failure to report plaintiff's E. coli infection to local health department constitutes negligence. Dkt. #55.

> Plaintiff responds as follows:
>
> To report or not to report is the first step in providing treatment. Not to report is the first step in negligence and lack of standard of care. The defendant defaulted on the legal duty to report; defaulted on the FDA, CDC, NYSDOH and ECDOH alerts. All of these alerts discuss duty to report E. col[i]. By not reporting E. coli the defendant started the process for negligence; this established permission to proceed with negligence. <u>Not to report is evidence of negligence.</u> If the NYSDOH and ECDOH listed the laws and codes on the mandatory reporting form, at prima facie it is related to the diagnosis of E. coli and this case.

Dkt. #58, p.26.

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure employs the same standard as a motion to dismiss pursuant Rule 12(b)(6). *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922

(2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Plaintiff has alleged sufficient facts to support a claim of medical malpractice under the Federal Torts Claims Act. As plaintiff's allegations that defendant failed to comply with state regulations requiring reporting of communicable diseases to the local health department do not attempt to set forth a separate cause of action, there is no such claim to dismiss. The relevance of defendant's failure to comply with state regulations, if it is established that such regulations are applicable and were not followed, is not appropriately addressed at this stage in the proceedings.

Motion to Compel

Plaintiff seeks to compel complete responses to her discovery demands. Dkt. ##40 & 108.

Defendant responds that it has responded to plaintiff's 17 interrogatories and 43 document demands in good faith, producing in excess of 2,000 pages of

relevant documents.  Dkt. #51, ¶ ¶ 12-13.  In addition, defendant states that following receipt of plaintiff's motion, which was defendant's first notice of plaintiff's objections to its responses, defendant reviewed and supplemented its responses to several interrogatories and produced additional documents.  Dkt. #51, ¶ 15.

Upon review of plaintiff's motion and defendant's amended responses, as well as defendant's Rule 26 disclosure and expert witness disclosure, the Court is satisfied that defendant has complied with its discovery obligations.  Accordingly, plaintiff's motion to compel is denied.

Notice to Admit

Plaintiff challenges defendant's response to her notice to admit.  Dkt. #42.

Defendant responds that it responded to plaintiff's 101 requests for admission in good faith, noting that plaintiff denied its request for an extension of time to be able to consult with a medical expert regarding a number of plaintiff's requests.  Dkt. #51, ¶¶ 12, 21-24.  As a result of plaintiff's refusal to grant an extension of time to respond and following consultation with its medical expert, defendant cross-moves to withdraw admissions in response to requests #43, 52, 60, 78, 81, 88 and 95.  Dkt. #51, ¶¶ 25-29.

Plaintiff opposes the amendment  of defendant's response, stating, "[d]efendant's time management issues are not Plaintiff's obligation."  Dkt. #58, ¶ 27.

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides that "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4).

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6). The Court may permit withdrawal or amendment of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Requests for Admissions are intended to narrow the factual issues of a case. *Booth Oil Site Administrative Group v. Safety-Kleen*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000). The party requesting admission "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they

can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). "Generally, qualification is permitted if the statement, although containing some truth, . . . standing alone out of context of the whole truth . .. convey[s] unwarranted and unfair inferences." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) (internal quotations omitted). Any such qualifications should "provide clarity and lucidity to the genuineness of the issue" and not "obfuscate, frustrate, or compound the references." *Henry*, 212 F.R.D. at 78. "Qualifying a response may be particularly appropriate if the request is sweeping, multi-part, involves sharply contested issues, or goes to the heart of a defendant's liability." *Wiwa v. Royal Dutch Petro. Co.*, No. 01 CIV 1909, 2009 WL 1457142, at *4 (S.D.N.Y. May 26, 2009).

Upon review of plaintiff's requests for admission, the Court deems defendant's responses sufficient. Moreover, defendant's request to amend its responses is granted.

Judicial Notice

Plaintiff asks the Court to take judicial notice of a multitude of factual allegations; legal conclusions; federal and state laws, regulations and policies; press releases; medical records; and judicial proceedings in multiple states. Dkt. #44.

Defendant responds that plaintiff's requests are not appropriate for judicial notice, are not relevant to the determination of this lawsuit and are premature. Dkt. #56, pp.5-21.

Plaintiff submitted a reply setting forth the relevance of her requests for judicial notice. Dkt. ##79-80, 83 & 87.

Rule 201 of the Federal Rules of Evidence provides that the Court may take judicial notice at any stage of the proceeding of any adjudicative fact that is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. However, plaintiff's requests are beyond the parameters of F.R.E. 201. Accordingly, plaintiff's motion for judicial notice is denied without prejudice to plaintiff's ability to proffer those facts and documents as she may deem relevent as evidence in support of or in opposition to a subsequent dispositive motion or at trial.

Motion *in Limine*

Plaintiff moves to "exclude peripheral matters" contained in defendants' interrogatory responses, including evidence of Mr. Street's prior medical issues in these proceedings, and to preclude defendant's risk manager, Nancy Evans, from testifying at trial. Dkt. #57, ¶¶ 2-3 & 12.

Defendant argues that plaintiff's motion is premature and that Mr. Street's pre-existing medical condition may be relevant to the defense of this action. Dkt. #65.

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Paredes*, 176 F. Supp.2d 179, 181 (S.D.N.Y. 2001). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* At this point in the proceedings, the Court is unable to find that plaintiff's medical history would not be relevant to his treatment during the time frame of alleged medical malpractice. Moreover, as a trial date and deadline for defendant's witness list has yet to be set, it is premature to speculate as to the appropriateness of testimony by Ms. Evans. Accordingly, plaintiff's motion *in limine* is denied without prejudice.

<u>Sanctions</u>

Plaintiff moves for unspecified sanctions for defendant's alleged failure to file its amended admission responses with the Court Clerk or to serve such responses with a signed verification. Dkt. #60.

Counsel for defendant declares that the document has not been verified or filed because it was attached as an exhibit to defendant's motion to amend its response to plaintiff's request for admissions. Dkt. #63.

As defendant cannot amend its response to plaintiff's request for admissions without leave of the Court (Fed. R. Civ. P. 36(b)), defendant properly submitted an unverified copy of its proposed amendments to the Court as an attachment to its motion to amend its response to plaintiff's request for admissions. Accordingly, plaintiff's motion for sanctions is denied.

Deposition of Plaintiff's Expert Witness

Defendant moves to compel the deposition of Dr. Bush on January 24, 2013 at 9:00 a.m. at the law offices of Dr. Bush's personal attorney, Evans & Evans, 113 W. Taylor Street, Griffin, Georgia, and to set his rate of compensation at no more than $300 per hour. Dkt. #98. In support of defendant's motion, counsel submits e-mail communication wherein Dr. Bush advised that his hourly fee for the deposition would be $900, defendant offered and Dr. Bush agreed to $300 per hour, and then Dr. Bush cancelled his scheduled deposition, explaining:

> I have reconsidered your offer of $300 per hour and have decided it to be insufficient, given the complexity of this case, the amount of preparation required, the voluminous amount of medical records to review, etc. An hourly rate of $300 is well below what I usually charge.

Dkt. #99, pp.11-17. Counsel for defendant declares that during his tenure at the U.S. Attorney's Office, "we have typically paid medical experts $250 to $400 per hour." Dkt. #99, p.3.

In response, plaintiff requests an hourly rate of $400. Dkt. #106. Plaintiff also moves to extend the deadline for completion of the deposition of her expert witness. Dkt. #104.

Fed. R. Civ. P. 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(c) provides that

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . .

"[T]he underlying purpose of Rule 26(b)(4)(c) is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost." *New York v. Solvent Chem. Co., Inc.,* 210 F.R.D. 462, 468 (W.D.N.Y. 2002), *quoting Goldwater v. Postmaster Gen.*, 136 F.R.D. 337, 339 (D.Conn.1991). Thus, time spent by an expert preparing for a deposition is also compensable under Rule 26(b)(4)(c). *Solvent Chem. Co.*, 210 F.R.D. at 471.

The Court will consider the following factors in assessing the reasonableness of a requested fee: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters. *Broushet v. Target Corp.*, 274 F.R.D. 432, 433 (E.D.N.Y. 2011). The party seeking to be reimbursed bears the burden of demonstrating that the fee sought is

reasonable. *Solvent Chem. Co.*, 210 F.R.D. at 468. However, if the party seeking reimbursement fails to meet its burden, the Court may use its discretion to determine a reasonable fee." *Id.*

Such a determination should not be made prospectively. "The rule and the case law makes it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively – that is, after the deposition has taken place." *Conte v. Newsday, Inc.*, No. CV 06-4859, 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011). Accordingly, defendant's motion is denied without prejudice to renewal should defendant proceed with the deposition and be unable to agree upon the reasonableness of plaintiff's expert witness fee. *See Reit v. Post Props., Inc.*, No. 09 Civ. 5455, 2010 WL 4537044, at * (S.D.N.Y. Nov. 4, 2010) ("While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert.").

Supplemental Expert Disclosure/Motion *in Limine*

Defendant moves to extend the deadline for completion of expert depositions so that it can amend its report to reflect that on October 25, 2012, it received results of tests performed on "frozen isolates of E. coli that were recovered from blood cultures taken from [Mr.] Street on September 14, 2006, the day of his admission to the Buffalo VA Medical Center," which determined that the E. coli "was not the 0157:H7 strain." Dkt. #92, ¶¶ 14-19. Defendant also requests an extension of the

deadline to permit plaintiff "the opportunity to obtain her own testing of the E. coli specimen and/or have her expert provide an amended report." Dkt. #92, ¶ 21. During the pendency of this motion, defendant filed a supplemental expert report. Dkt. #114.

Plaintiff opposes this request with a motion *in limine* seeking to preclude the test results because defendant admits that there was no testing for the strain of E. coli during Mr. Street's hospitalization and testing at this date is suspect because even if the specimen came from Mr. Street, E. coli cannot survive in a frozen blood culture for six years. Dkt. #96, pp.5-6 & 8-10.

Rule 26(a)(2)(E) requires that parties supplement expert disclosure prior to the deadline for final pretrial submissions. Defendant has complied with this requirement. Should plaintiff choose to test the specimen and/or amend her expert witness report to address the availability of the specimen, she is directed to do so no later than 30 days prior to the date set for deposition of her expert witness, as set in the forthcoming amended case management order. In addition, because plaintiff's motion *in limine* fails to establish that the results of the E. coli serotyping conducted at defendant's request are "clearly inadmissible on all potential grounds," *Paredes*, 176 F. Supp.2d at 181, plaintiff's motion *in limine* is denied without prejudice.

Motion for Impeachment

Plaintiff moves to impeach defendant's expert witness, Dr. Sellick. Dkt. #112. Specifically, plaintiff complains that because Dr. Sellick failed to test the E. coli in

-12-

2006, it is improper for him to render a diagnosis based upon such testing in 2012.  Dkt. #112.

Plaintiff's motion is denied.  Defendant has admitted that it did not serotype the E. coli during Mr. Smith's hospitalization.  Plaintiff may rely upon this fact and her expert witness's opinion as to the relevance of this fact during the course of dispositive motions or at trial.  At the appropriate time, plaintiff may also challenge the admissibility of defendant's serotyping of the E. coli specimen and defendant's opinion as to the relevance of the results of such testing to the care provided Mr. Smith during his hospitalization.  At this stage in the proceedings, however, it cannot be determined that the opinions of Dr. Sellick are "clearly inadmissible on all potential grounds," *Paredes*, 176 F. Supp.2d at 181.  Accordingly, plaintiff's motion is denied.

**SO ORDERED.**

DATED:    Buffalo, New York
             December 7, 2012

                                                              **H. Kenneth Schroeder, Jr.**
                                                              **H. KENNETH SCHROEDER, JR.**
                                                              **United States Magistrate Judge**