UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HALINA BIERNACKI, Individually and as
Executrix of the Estate of David Street,

                              Plaintiff,                      11-CV-973(Sr)

v.

UNITED STATES OF AMERICA,

                              Defendant.

---

## DECISION AND ORDER

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #29.

        By Decision and Order entered March 6, 2014, the Court granted defendant's motion for summary judgment. Dkt. #179.

        Currently before the Court is plaintiff's motion to stay pending notice of appeal (Dkt. #181); motion to stay (Dkt. #185); motion to alter or amend under FRCP 59(e) (Dkt. #186); and motion for relief under FRCP 60(b)(3) (Dkt. #187), as well as defendant's motion for an extension of time to respond. Dkt. #183.

        "Most courts . . . including those in this circuit, allow a motion to amend a grant of summary judgment to be brought under Rule 59(e)" of the Federal Rules of Civil Procedure. *Patel v. Lutheran Med. Ctr., Inc.*, 775 F. Supp. 592, 596 (E.D.N.Y.

1991).  However, "[r]econsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp.2d 506, 509 (S.D.N.Y. 2009).  "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Id.*  Grounds for reconsideration include an intervening change in controlling law, the availability of new evidence and the need to correct a clear error or prevent manifest injustice.  *Id.*  The decision to amend a judgment is "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which the Court can grant relief from a judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  "Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2009), *quoting Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d

-3-

Cir. 1994).  A motion seeking relief pursuant to Rule 60(b) "is addressed to the sound discretion of the district court."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Plaintiff argues that the Court excluded Dr. Bush's supplemental expert disclosure.  Dkt. #141.  While it is true that the Court failed to cite this document in its Decision and Order, it was not excluded. As with Dr. Bush's initial expert disclosure, Dr. Bush's supplemental expert disclosure opines as to the appropriateness of the medical care received by plaintiff based upon the assumption that plaintiff was infected with E. coli 0157:H7.  It is clear from Dr. Sellick's affidavit, however, that the fact that plaintiff's stool sample tested gram negative and his blood tested positive for E. coli is insufficient to establish even a question of fact as to whether plaintiff was infected with E. coli 0157:H7.  Dr. Bush's affidavit explains that additional testing of plaintiff's stool for that strain of E. coli was not warranted because plaintiff did not suffer diarrhea following admission while the blood culture results clearly indicated a bacterial infection warranting antibiotic treatment.

As the Court finds no basis to reconsider, amend or grant relief from the award of summary judgment to defendant, plaintiff's motions are denied.

**SO ORDERED.**

DATED:   Buffalo, New York
         April 8, 2014

                                     s/ H. Kenneth Schroeder, Jr.
                                     **H. KENNETH SCHROEDER, JR.**
                                     **United Streets Magistrate Judge**